IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

STEVEN MATTHEW WEBB,

    Plaintiff,

v.                                                    Civil Action No.: 3:14-CV-17321

CITY OF HUNTINGTON,
RICHARD KERN IN BOTH HIS PERSONAL
CAPACITY AND HIS OFFICIAL CAPACITY
AS AN OFFICER OF THE
HUNTINGTON POLICE DEPARTMENT,

    Defendants.

## COMPLAINT

Plaintiff Steven "Matt" Webb, for his Complaint against the defendants states as follows:

### I. NATURE OF THE CASE

1. This civil rights action challenges as unconstitutional Huntington Police Department ("HPD") patrolman Richard Kern's unlawful detention, unwarranted macing and illegal beating of plaintiff Steven "Matt" Webb.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. §§1343 et. seq. This action at law for money damages arises under 42 U.S.C. §§ 1983, 1988, the United States Constitution, the laws and Constitution of West Virginia and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes and by the, Fourth, Fifth and Fourteenth Amendments of the

Unites States Constitution. This Court has jurisdiction over Plaintiff's claims for violations of his federal constitutional rights pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a) because these claims arise out of the same set of facts as the federal claims such that all claims form part of the same case or controversy.

4. Venue lies in this District pursuant to 28 U.S.C. § 1391(e) because a substantial part of the events giving rise to the claim occurred in Cabell County, West Virginia which is located in the Southern District of West Virginia.

### III. PARTIES

5. Plaintiff Steven "Matt" Webb was at all times relevant to this Complaint a resident of Cabell County, West Virginia and subject to the unlawful actions of the Defendants. Mr. Webb is a fifteen-year veteran and ranking police officer in the State of West Virginia employed by the Charleston Police Department. His rank is Corporal.

6. Defendant City of Huntington is a municipal corporation established by the laws of West Virginia. Pursuant to West Virginia law, the City created a police force, the Huntington Police Department. HPD is subject to the authority, control and discipline of its administrative authority, the City of Huntington. The City of Huntington is a "person" as that term is defined in 42 U.S.C. § 1983.

7. Defendant Richard Kern is a police officer employed by HPD. He is a "person" within the meaning of 42 U.S.C. § 1983 and at all relevant times were acting under color of state law. He is sued in both his individual and official capacity.

## IV. FACTS

8. Steven "Matt" Webb is a resident of Huntington, WV.

9. On or about June 2nd 2012, Corporal Webb was walking on Fourth Avenue in downtown Huntington with several friends.

10. While walking, Corporal Webb heard a car approaching with loud music and noticed several HPD officers yelling at the vehicle to turn the music off and pull over.

11. As this was unfolding in the street, Corporal Webb and his companions stopped approximately twenty yards away to watch the action and provide assistance to a brother police officer if needed. Corporal Webb has previously assisted HPD in the past to affect lawful arrests and/or provide backup.

12. While standing on the sidewalk and doing nothing else, an officer almost immediately began storming at a fast pace towards Corporal Webb. This officer was patrolman Richard Kern.

13. While pacing toward Corporal Webb, Kern yelled at him "[i]f you didn't buy a ticket to the f***ing show, you need to get on down the road."

14. Before, Corporal Webb could react to Kern's unlawful command to leave the area, Kern maced Mr. Webb with his pepper spray.

15. Disoriented, but still alert, Corporal Webb identified himself as a police officer and asked Kern what in the world he was doing.

16. Thinking that identifying himself as a police officer did not register with Kern, Corporal Webb began to pull out his photo identification and badge which is protocol and common police practice. Before he could do so, Kern grabbed his arm and

stated "[y]ou're going to badge me? You're going to badge me? You're not a police officer any longer!"

17. Completely bewildered at Kern's inappropriate and illegal actions, Corporal Webb pulled away, asked Kern what he was doing, and reminded him that he was one of the "good guys," simply watching the traffic stop.

18. When Corporal Webb pulled away from Kern's assault upon him, other HPD officers rushed to aid Kern.

19. Before he realized what had happened, the gang of officers slammed Corporal Webb to the pavement smashing his face into the concrete causing a bleeding wound.

20. Patrolman Richard Kern also punched Corporal Webb in the head with a closed fist during this altercation.

21. Once many of the officers realized that patrolman Richard Kern had no reasonable suspicion to detain, nor probable cause to arrest, Corporal Webb, they scattered.

22. Nevertheless, Corporal Webb was transported to HPD headquarters and placed in a holding cell.

23. After a period in the holding cell, patrolman Richard Kern's supervisor approached Corporal Webb and told him that if he was in Charleston, and Webb asked him to move along, he would do so. Webb replied that Kern never gave him the chance to move along before macing him.

24. Patrolman Richard Kern's supervisor then told Corporal Webb he was free to leave.

25. Not long after the incident, at a Fraternal Order of Police convention, Patrolman Richard Kern approached another ranking Charleston Police Department officer, repeatedly apologized for his actions and stated that he had "blacked out" during the incident.

26. Several months after this incident, HPD officers pulled over Corporal Webb. Instead of allowing those officers to handle the traffic stop, patrolman Richard Kern arrived almost fifteen minutes later and took over the investigation.

27. Patrolman Richard Kern accused and arrested Corporal Webb for DUI. After a trial, Corporal Webb was found not guilty.

## V. ALLEGATIONS

### A. The Huntington Police Department Has Engaged In A Pattern And Practice Of Civil Rights Violations And Retaliates Against Those That Watch Them Perform Their Job Functions.

28. The Huntington Police Department has engaged in a pattern and practice of civil rights violations. In order to disguise its extensive civil rights violations, some if its officers have engaged, and continue to engage in, a pattern and practice of suppressing evidence of their illegal actions.

29. The primary way HPD suppresses violations of its transgressions is through a systemic plan of citizen intimidation, censorship and secrecy.

30. For example, In *Pniewski v. City of Huntington*, *et. al.*, Case No.: 3:12-cv-4675, Mr. Pniewski was arrested and harassed for innocently filming an ongoing arrest. HPD officers also seized and erased the video on Mr. Pniewski's camera.

31. In *Xavier and Martin Thomas v. City of Huntington*, et.al., 3:31-cv-22159, HPD officers arrested and beat a man for simply watching a traffic stop. When his

5

brother tried to document their illegal actions by recording with his phone, he was handcuffed, illegally searched and had the video erased from his phone.

32. In *Evans v. City of Huntington, et. al.*, 3:13-cv-05316, Nicholas Evans was arrested for DUI even though he had not committed a traffic violation. During his arrest, Mr. Evans was slammed face first into the pavement, knocking out his front teeth. Although HPD had received a federal grant for video recording capability in their cruisers and the car that pulled over Mr. Evans contained a video camera, no video existed of the illegal stop or arrest. Furthermore, HPD has never had operational in-dash cameras even though they received the federal grant.

33. In this case, Corporal Webb was simply watching HPD officers perform a traffic stop and was prepared to offer backup if needed. Instead, he was treated as a criminal and had his civil rights violated by patrolman Richard Kern.

## COUNT I
## CIVIL RIGHTS VIOLATION

(Excessive Force– 42 U.S.C. § 1983)

34. Plaintiff refers to and re-pleads each and every preceding allegation of this Complaint, and by this reference incorporates the same herein and make each a part hereof.

35. Any use of force against Corporal Webb, and the degree of force actually used against him, was objectively unreasonable, excessive and unwarranted and violated the Plaintiff's clearly established rights, which a reasonable police officer should have known pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the Constitution of West Virginia.

36. Officer Kern's actions were willful, wanton, intentional, malicious and done with callous or reckless disregard for Corporal Webb's constitutional rights.

## COUNT II
## CIVIL RIGHTS VIOLATION

(Unlawful Seizure Of Person– 42 U.S.C. § 1983)

37. Plaintiff refers to and re-pleads each and every preceding allegation of this Complaint, and by this reference incorporates the same herein and make each a part hereof.

38. Kern seized and detained Corporal Webb without any lawful justification.

39. Kern's actions were objectively unreasonable, excessive, and unwarranted in violation of Plaintiff's clearly established right to travel on the public roadways without being seized unless reasonable suspicion exists, that a reasonable officer would have known, pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the Constitution of West Virginia.

40. Kern's actions were willful, wanton, intentional, malicious and done with callous or reckless disregard for Corporal Webb's constitutional rights.

## COUNT III
## MUNICIPAL LIABILITY

41. Plaintiff refers to and re-pleads each and every preceding allegation of this Complaint, and by this reference incorporates the same herein and make each a part hereof.

42. The above-described deprivation of Corporal Webb's constitutional rights were caused by implementation of customs, policies, or official acts of the Defendant City of Huntington; to wit, among other things: Permitting police officers to engage in

law enforcement contacts without supervision, failure to adequately train, supervise and discipline its police officers regarding reasonable suspicion, probable cause for an arrest, lawful detention, lawful detention and the proper use of force to effect an investigative detention and/or arrest.

43. The City of Huntington, by these acts and omissions has exhibited deliberate indifference to the unreasonable risk of the unlawful deprivation of citizens' constitutional rights which its customs and policies pose.

44. Its customs and policies violate the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and its West Virginia counterparts.

45. The customs, practices and policies of the City of Huntington were the direct and proximate cause of the injuries and constitutional violations of which Plaintiff complains.

### COUNT IV
### STATE LAW CLAIMS

46. Plaintiff refers to and re-pleads each and every preceding allegation of this Complaint, and by this reference incorporates the same herein and make each a part hereof.

47. The above-described actions constitute the following state law claims against Kern:

    A. Illegal Imprisonment

    B. Assault and Battery

48. The above-described actions constitute the following state law claims against the City of Huntington:

    A.    Negligent Hiring;

B.  Negligent Retention; and,

C.  Negligent Supervision.

## VI. PRAYER FOR RELIEF

Wherefore, based upon the above stated facts, Plaintiff requests the Court to assess:

A. Damages against the Defendants in an amount to be determined at trial that will fairly and reasonably compensate him for:

1. Past, present and future medical expenses and lost wages;

2. Past, present and future pain suffering, loss of enjoyment of life, annoyance, aggravation and psychological distress; and

3. Any other compensatory damages to be proven at trial.

B. Punitive damages in an amount to be determined at trial:

1. Reasonable attorneys' fees and costs;

2. Any other relief that this Court deems just and fair; and,

3. All other damages provided by law.

**PLAINTIFF DEMANDS A JURY TRIAL**

STEVEN MATTHEW WEBB,
An Individual

By Counsel:  s/Richard Weston_____
Richard W. Weston (WVSB #9734)
Connor Robertson (WVSB #11460)
Weston Law Office
621 Sixth Avenue
Huntington, WV 25701
P. 304.522.4100
F. 304.250.300
rww@westonlawoffice.com

By Counsel:  s/Courtenay Craig
Courtenay Craig (WVSB# 8530)

621 Sixth Avenue
Huntington, WV 25701
304.697.4422